| | |
|---|---|
| LEA ALLISON, *et al.*, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BRADLEY R. ALLEN, SR., in his official capacity as Chief District Court Judge, *et al.*,<br><br>    Defendants. | Case No. 19-cv-1126<br>(Class Action) |

## CONSENT ORDER FOR
## PRELIMINARY INJUNCTION

1. On November 12, 2019, Plaintiffs filed suit against Defendants Chief District Judge Allen, Senior Resident Superior Court Judge Lambeth, Magistrates, and Sheriff of Alamance County, alleging that Defendants' pretrial release practices violated their Fourteenth Amendment rights to equal protection and due process, and their Sixth Amendment right to counsel. ECF No. 1. Plaintiffs simultaneously filed a Motion of Class Certification, ECF No. 2, and Motion for Preliminary Injunction against Defendant Sheriff, ECF No. 16, seeking an injunction requiring that Defendant Sheriff not enforce a secured financial condition of pretrial release upon a person that results in that person's detention unless the bail order includes a finding, made pursuant to the required constitutional protections—including appointed counsel if the individual cannot afford private counsel—that pretrial

detention is necessary because less restrictive conditions of release are inadequate. *Id.*

2. Although the parties continue to make good faith efforts to reach a final resolution, to avoid unnecessary and costly litigation over whether a preliminary injunction should be entered, they have agreed to the entry of this Consent Order of Preliminary Injunction ("Order").

3. IT IS THEREFORE ORDERED that, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a Preliminary Injunction shall be immediately entered as described herein.

**FINDINGS**

THE PARTIES AGREE AND THE COURT FINDS THAT:

4. This Court has jurisdiction over the subject matter of this action and the Defendant hereto pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

6. Defendants waive the entry of findings of facts and conclusions of law for the purposes of this Order pursuant to Federal Rule of Civil Procedure 52.

**RELIEF GRANTED**

IT IS ORDERED THAT:

7. The Judicial Defendants shall put in place administrative orders and provide the necessary training to appropriate staff to ensure that the following procedures are applied and findings made before individuals entitled to those

2

procedures and findings are ordered detained in the Alamance County Detention Center.

    a. Individuals who are in custody shall have their hearing before a judge in the appropriate trial division within forty-eight (48) hours of arrest or at the next available session of court in the event that court is not in session within forty-eight (48) hours of the defendant's arrest.

    b. Prior to the individualized bail hearing, notice shall be provided to individuals of the federal constitutional rights at issue and the type of facts being relied on to make the decision.

    c. Notice shall be provided to the individuals that financial information will be collected at the individualized bail hearing, and the notice must include an explanation of the significance of the financial information to be collected.

    d. Individuals shall be provided a meaningful opportunity to be heard before a neutral fact-finder and to present and confront evidence and argument on appropriate conditions of release or detention.

    e. Prior to setting or modifying a condition of release that includes secured monetary bail, the judicial officer must conduct an inquiry into the individual's ability to pay the full amount of the monetary bail.

    f. There is a rebuttable presumption that a person is unable to pay any secured bond amount that exceeds 2 percent of that person's monthly income.

g. There is a rebuttable presumption that any person is unable to afford any amount of secured bond if he or she:

   i. Is eligible for appointment of counsel;

   ii. Is, or within the past six months has been, homeless;

   iii. Has income at or below 200% of the federal poverty guidelines;

   iv. Is a full-time student;

   v. Has been incarcerated pursuant to an active sentence within the past 6 months,

   vi. Is residing in a mental health or other treatment program, or has resided in such a program in the past 6 months; or

   vii. Is or has dependents who are eligible to receive SNAP benefits (food stamps), Medicaid, Temporary Assistance for Needy Families, Supplemental Security Income, Social Security Disability Income, public housing, or any other federal or state public assistance

h. If a secured financial condition of release is required, there shall be either an individualized finding that the person can afford to pay the amount (such that it will not result in detention), or that the pretrial detention of the person is necessary. A judicial officer may issue a *de facto* or transparent order of pretrial detention only if clear and convincing evidence shows that there are no alternative conditions of release adequate to reasonably assure the appearance of the defendant

as required; prevent a danger of injury to any person; or prevent the likely destruction of evidence, subornation of perjury, or intimidation of potential witnesses.

    i. A *de facto* or transparent order of pretrial detention must be accompanied by written findings setting forth the reasons for the decision and be made available to the individual and counsel.

    j. For the limited purpose of representation at the first appearance, individuals must be provided counsel free of charge.

8.    The Defendant Sheriff must not enforce a secured financial condition of pretrial release that results in an individual's detention unless the individual first receives an individualized hearing that meets the requirements of Paragraph 7 above. In the event of a dispute about the provisions of this order, the parties shall follow the procedures set forth in Paragraph 14.

**REPORTING**

9.    The parties agree that monitoring and evaluation is an important component of implementing system-wide change, and Defendants agree that they will provide relevant information to Plaintiffs or the Court as reasonably necessary to ensure compliance with this Order. Defendants agree to provide the information outlined below upon implementation of the written policies to effectuate this consent preliminary injunction. Such information includes:

    a. The Sheriff's Office shall provide:

5

i. Complete electronic In-custody Reports that are automatically generated by the Sheriff's Office jail population management system, provided on a daily basis; and

ii. Electronic reports, generated and provided no less frequently than each month, that include the following data for every person booked in the Alamance County Detention Center during the preceding month:

1. ID Number
2. Name
3. Booking Date and Time
4. Date of Birth
5. Race
6. Ethnicity
7. Sex
8. Charge Level
9. Charge
10. Bond Type
11. Bond Amount
12. Release Date and Time
13. Reason for Release
14. Status (e.g. Pre-trial, sentenced, federal)

b. The Judicial Defendants shall provide:

i. Electronic copies of all "Written Findings for Secured Bond" Forms, provided on a weekly basis; and

ii. Electronic copies of all AOC-CR-200 and AOC-CR-201 Forms, provided on a weekly basis.

c. In addition, the Judicial Defendants shall:

i. Request that the Alamance County Clerk's Office provide Plaintiffs, on a monthly basis, access to review a representative sample of paper case files to be identified in advance of each visit; and

ii. Request that the Administrative Office of the Courts ("AOC") provide Plaintiffs at least every 6 months, electronically generated statistical raw data extracts of criminal court records from the Automated Criminal/Infractions System (ACIS) System for Alamance County for no greater a time period than the 24 months preceding each extract.

6

10. Defendants will begin to provide the above information upon implementation of the written policies to effectuate this consent preliminary injunction and will continue to do so until (i) final resolution of the above-captioned action, (ii) agreement by the parties that the above information is no longer needed, or (iii) by order of the Court, whichever comes first.

## TRAINING

11. The parties agree that adequate training is an important component of implementing system-wide change, and Defendants agree that they will provide information to Plaintiffs or the Court regarding the training of its staff and employees, including information about the training curriculum used.

## IMPLEMENTATION TIMELINE

12. Defendants agree that implementation of the written policies to effectuate this consent preliminary injunction and training of the relevant stakeholders, including district judges, magistrates, and other court and jail staff, shall occur by July 1, 2020, unless the parties agree, for good cause, that the deadline must be extended.

## FORCE AND EFFECT

13. The injunction in this Order covers and is binding on those "who are in active concert or participation" with the parties or the parties' officers, agents, servants, employees, or attorneys. Fed. R. Civ. P. 65(d)(2).

7

14. The mechanism for enforcement of this preliminary injunction shall be as follows: In the event Plaintiffs' Counsel determine that there has been a violation of any terms of this Order, the Parties must confer in a good-faith attempt to resolve the issue. If the Parties are unable to resolve an issue involving Defendants' categorical or material breach of responsibilities under the terms of the consent preliminary injunction, they may submit the dispute to the Court for resolution. Absent an order from either the state or federal court, the Sheriff shall not be required to release any individual under the terms of this Order.

15. This Order shall become effective upon entry by the Court and shall remain in effect until further order of the Court. The Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

This the 8th day of May, 2020.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge