IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KATHERINE GUILL, et al., | )<br>)<br>) |
| Plaintiffs; | )<br>) Case No. 19-cv-1126 |
| v. | )<br>) (Class Action) |
| BRADLEY R. ALLEN, SR., in his official capacity as chief district judge, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### BRIEF IN SUPPORT OF MOTION TO ENFORCE PRELIMINARY INJUNCTION

On October 14, 2021, counsel for Judicial Defendants[1] informed Plaintiffs that they will no longer provide counsel free of charge at first appearance, effective December 1, 2021. Failing to provide counsel at first appearance is a direct violation of a key provision of the Consent Order for Preliminary Injunction ("preliminary injunction"), entered by this Court on May 8, 2020. *See* Consent Order for Preliminary Injunction (Doc. 56) at ¶ 7(j).

One of the preliminary injunction's most fundamental safeguards against unconstitutional, wealth-based detention is its guarantee that people receive counsel, free of charge, at their first appearance. *See id.* Under the pretrial release policies Alamance County implemented pursuant to the preliminary injunction, people who are detained

---

[1] Judicial Defendants include Chief District Judge Bradley R. Allen, Sr., Senior Resident Superior Court Judge Thomas Lambeth, and Alamance County District Court Magistrates.

pretrial receive an individualized bail hearing before a judge at their first appearance, where a judge considers various factors before deciding whether to require a cash payment as a condition of release and, if so, the amount. *See id.* at ¶ 7(a)-(i). Thus, the first appearance is often the most consequential hearing that occurs in a criminal case. The judge's bail decision at first appearance determines whether a presumptively innocent person is free or jailed pending their trial; whether or not they lose their job, ability to be with their loved ones, and custody of their children; whether they will accept a guilty plea just so they can get out of jail; and whether they will suffer other major case- and life-altering consequences. Accordingly, since this Court's preliminary injunction took effect on July 1, 2020, individuals have received counsel, free of charge, at their first appearance.

Counsel for Judicial Defendants has confirmed, however, that judicial defendants do not intend to provide counsel at the first appearance beginning on December 1, 2021, and that he intends to file a motion to modify the preliminary injunction, based on a letter received from the Office of Indigent Defense Services ("IDS"), in which IDS stated that it would not renew its contracts with attorneys to appear at first appearances after November 2021. *See* Exhibit A. The preliminary injunction's provision ordering Judicial Defendants to ensure free representation for individuals at first appearance contains no caveats or references to IDS, nor does it otherwise condition Judicial Defendants' compliance on commitments from IDS or other external entities. *See* Doc. 56 at ¶ 7(j).

In light of Judicial Defendants' representation that they do not intend to continue to abide by this core protection established by the preliminary injunction, Plaintiffs respectfully move this Court to enforce the preliminary injunction and order Judicial

2

Case 1:19-cv-01126-TDS-LPA   Document 64   Filed 10/19/21   Page 2 of 12

Defendants to continue to comply with the counsel provision of the preliminary injunction. *See* Doc. 56 at ¶ 14. Not only do Judicial Defendants have a court-ordered obligation to provide representation at first appearances, they have a constitutional duty to do so as well. Their imminent abdication of that obligation would eliminate one of the most important safeguards against unlawful detention in Alamance County, causing presumptively innocent individuals irreparable harm. Alternatively, Plaintiffs respectfully move the Court to immediately order a briefing schedule for, and set a hearing for oral argument on, any motion to modify that Judicial Defendants may seek to file, so that the Court may issue a ruling before December 1, 2021.

## STATEMENT OF FACTS

On November 12, 2019, Plaintiffs filed suit against Judicial Defendants and Defendant Sheriff Terry Johnson, alleging that Defendants' pretrial release practices violated their Fourteenth Amendment rights to equal protection and due process, as well as their Sixth Amendment right to counsel. At the time, wealth-based detention and constitutional violations were widespread in Alamance County, including but not limited to the denial of counsel at key hearings like first appearances. *See* Complaint at ¶¶ 50-75 (Doc. 1).

In the months after Plaintiffs sued, the parties negotiated and agreed to the terms of a consent preliminary injunction to remedy these constitutional infirmities. On May 8, 2020, this Court entered a Consent Order for Preliminary Injunction ("preliminary injunction"). One of the terms the Court ordered was that Defendants provide counsel at the first appearance. The relevant provision provides, "For the limited purpose of

3

representations at the first appearance, individuals must be provided counsel free of charge." Doc. 56 at ¶ 7(j). The preliminary injunction's requirement of representation at first appearances is clear and absolute. Nowhere in the preliminary injunction does the Court limit or otherwise condition Judicial Defendants' obligation to ensure representation at first appearances.

Judicial Defendants originally satisfied their obligation to provide counsel through an agreement with the North Carolina Office of Indigent Defense Services ("IDS"). On September 7, 2021, the Executive Director of IDS informed Defendants by letter that IDS would not renew the contracts for the first appearance attorneys when they expired at the end of November 2021. *See* Exhibit A. Plaintiffs' counsel requested two conferences with Defendants to discuss how they intended to fulfil their obligation to provide counsel. On October 14, 2021, counsel for Judicial Defendants confirmed to Plaintiffs that, in light of the letter from IDS, they do not intend to provide counsel, or take any steps to secure counsel, for individuals at first appearances after December 1, 2021. Counsel for Judicial Defendants also stated that he intends, at some point prior to the end of November, to file a motion to modify the preliminary injunction.

Given the rapidly approaching date on which Defendants will deny court-appointed counsel to people at first appearances and thereby inflict severe and irremediable harm, Plaintiffs file this Motion requesting this Court's intervention.

## QUESTION PRESENTED

Whether, in light of Judicial Defendants' imminent violation of ¶ 7(j) of the Court's preliminary injunction, the Court should issue an order to enforce and require court-appointed counsel at first appearance.

## ARGUMENT

### I. JUDICIAL DEFENDANTS' IMMINENT MATERIAL BREACH WILL VIOLATE THE PRELIMINARY INJUNCTION.

The preliminary injunction is an order from this Court directing that: "The Judicial Defendants shall put in place administrative orders and provide the necessary training to appropriate staff to ensure that the following procedures are applied and findings made before individuals entitled to those procedures and findings are ordered detained in the Alamance County Detention Center." Doc. 56 at ¶ 7. One of those "procedures" requires: "For the limited purpose of representation at the first appearance, individuals must be provided counsel free of charge." *Id.* ¶ 7(j). The preliminary injunction does not condition Judicial Defendants' responsibility for providing counsel at first appearances on agreements with IDS or any other circumstances. *See id.*

Counsel for Judicial Defendants has stated that, in light of IDS's decision not to renew its contracts paying counsel at first appearance, Judicial Defendants will not provide counsel at first appearance, effective December 1, 2021. The parties have conferred in good faith regarding Judicial Defendants' imminent violation of this Court's order. Although counsel for Judicial Defendants indicated he intends to file a motion to modify preliminary injunction, he remained firm that Judicial Defendants do not intend to provide

5

representation at first appearances after November 2021. As December 1 approaches, Plaintiffs respectfully request that this Court take action now to ensure Judicial Defendants comply with the preliminary injunction and to prevent the severe and irreparable harm that its violation would cause. *See id.* at ¶ 14.

## II. THE COURT SHOULD ACT IMMEDIATELY BECAUSE JUDICIAL DEFENDANTS' IMMINENT MATERIAL BREACH WILL CAUSE SEVERE AND IRREPERABLE HARM.

Plaintiffs move the Court to act immediately because waiting until December 1 will cause presumptively innocent people to suffer severe and irreparable harm.[2] The provision of counsel, free of charge, to individuals at hearings where judges make decisions about pretrial jailing and conditions of release is a critical safeguard that protects against unjust and unconstitutional wealth-based detention. The Supreme Court recognized as much in *United States v. Salerno*, when it expressly identified the "right to counsel at the detention hearing" as a key procedural safeguard against unlawful detention. 481 U.S. 739, 751-52 (1987). Other courts have concluded the same. *See, e.g.*, *Caliste v. Cantrell*, 329 F. Supp. 3d 296, 314 (E.D. La. 2018) ("Considering the . . . vital importance of pretrial liberty, assistance of counsel is of the utmost value at a bail hearing."); *see also Booth v. Galveston Cty.*, No. 3:18-CV-00104, 2019 WL 3714455, at *17, 18 (S.D. Tex. Aug. 7, 2019), *report & recommendation adopted as modified*, No. 3:18-CV-00104, 2019 WL 4305457 (S.D. Tex. Sept. 11, 2019), *appeal docketed*, No. 19-40785 (5th Cir. Sept. 18, 2019) ("The lack

---

[2] Plaintiffs briefed their constitutional right to counsel at first appearance, the irreparable harm they suffer from deprivation of counsel, and the balance of harms weighing heavily in their favor in support of their preliminary injunction motion. *See* Pls. Br. Prelim. Injunction (Doc. 17) at 20-22, 23-25.

6

of counsel at initial bail hearings . . . leads to unwarranted pretrial detention. Having representation at the initial bail hearing means that fewer defendants will be held in custody unnecessarily. . . . By any metric, the hardship class members suffer from being denied counsel far outweighs any harm to the Defendants.").

Indeed, empirical evidence has long demonstrated that representation by counsel is the single most important factor determining the length of pretrial detention, protecting against self-incrimination, and ensuring that evidence can be marshaled as necessary to cogently articulate why a presumptively innocent individual should not be detained. *See* Douglas L. Colbert, et. al., *Do Attorneys Really Matter? The Empirical and Legal Case For The Right of Counsel at Bail*, 23 CARDOZO L. REV. 1719, 1720, 1773 (2002) ("[L]egal representation at bail often makes the difference between an accused regaining freedom and remaining in jail prior to trial," while delaying appointment of counsel is the "single most important reason for lengthy pretrial incarceration"); *see also* ERNEST J. FAZIO, JR., ET AL., NAT'L INST. OF JUSTICE, U.S. DEP'T OF JUSTICE, NCJ 97595, EARLY REPRESENTATION BY DEFENSE COUNSEL FIELD TEST: FINAL EVALUATION REPORT 208, 211 (1985), http://www.ncjrs.gov/pdffiles1/Digitization/97595NCJRS.pdf (concluding that representation by counsel "had a significant impact on test clients' pretrial release status" in a study of the effect of public defender representation at bail hearings in three counties across the U.S.); Wayne R. LaFave, et al., 4 Crim. Proc. § 12.1(c) (4th ed. 2016) (finding that 75 percent of represented defendants at bail hearings are released on their own recognizance, compared to 25 percent of non-represented defendants); Worden, A. P. et al., *What Difference Does a Lawyer Make? Impacts of Early Counsel on Misdemeanor*

7

*Bail Decisions and Outcomes in Rural and Small Town Courts*, 29 CRIM. JUSTICE POLICY REV. 710, 710-735 (2018) (finding that counsel at first appearances in three rural counties led to significant decreases in pretrial detention and bail amounts as well as an increase in the number of people who spent no time in jail pretrial because of cash bail).

Providing counsel at first appearance is important not only to prevent wrongful jailing prior to trial, but also because empirical research establishes that pretrial detention demonstrably reduces a presumptively innocent individual's chance of successfully defending against the underlying criminal charges. One "rigorous" study credited by the district court in *ODonnell I* found that defendants detained pretrial "were 25 percent (14 percentage points) more likely to be convicted, and 43 percent (17 percentage points) more likely to be sentenced to jail than those who bonded out earlier." 251 F. Supp. 3d 1052, 1106 (S.D. Tex. 2017);[3] *see also* Worden, *What Difference Does a Lawyer Make?* at 710–735. Thus, denial of counsel at the hearing where a judge makes decisions about pretrial jailing and conditions of release infects the entire criminal proceeding.

Moreover, courts have recognized that, although it is "a financial burden on [Defendants] to provide attorneys for the indigent[,] . . . this burden is outweighed not only by the individual's great interest in the accuracy of the outcome of the hearing, but also the government's interest in that accuracy and the financial burden that may be lifted by releasing those individuals who do not require pretrial detention." *Caliste*, 329 F.Supp. 3d at 314 (finding that "due process requires representative counsel at pretrial detention

---

[3] The study controlled for "the defendant's charge, criminal history, or other variables." *ODonnell I*, 251 F. Supp. 3d at 1106.

hearings"). Because the first appearance constitutes the first time that a judge makes a decision regarding detention and conditions of release—including whether to require a cash payment as a condition of release and, if so, what that payment should be—counsel is necessary to safeguard against wrongful and unconstitutional pretrial detention.

## CONCLUSION

There is no question that by failing to provide counsel to individuals at the first appearance, Judicial Defendants would be in violation of this Court's Consent Order for Preliminary Injunction. Because of the severe and irreparable harm that will befall any individuals subjected to first appearance without counsel present, Plaintiffs respectfully request that this Court resolve the issue in advance of December 1, 2021, the date by which Judicial Defendants will no longer ensure individuals receive counsel at first appearance. Specifically, Plaintiffs request that the Court order Judicial Defendants to continue to guarantee counsel at the first appearance in compliance with the preliminary injunction, and that the Court take any additional measures necessary to enforce its order. In the alternative, Plaintiffs move the Court to issue a briefing schedule that imposes deadlines by which Judicial Defendants must file any motion to modify and Plaintiffs must file a response, and which will provide sufficient time for the Court to hear oral argument and rule prior to December 1, 2021.

Date: October 19, 2021          Respectfully Submitted,

/s/ Katherine Hubbard          /s/ Leah J. Kang
Katherine Hubbard (D.C. Bar 1500503)*    Leah J. Kang (N.C. Bar 51735)
CIVIL RIGHTS CORPS          Ann C. Webb (N.C. Bar 44894)

9

<div style="columns:2">

1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6124
Fax: 202-609-8030
Email: katherine@civilrightscorps.org

Irena Como (N.C. Bar 51812)
AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA LEGAL FOUNDATION
P.O. Box 28004
Raleigh, NC 27611
Tel: 919-834-3466
Email: lkang@acluofnc.org
    awebb@acluofnc.org
    icomo@acluofnc.org

/s/ Brandon Buskey
Brandon Buskey (AL Bar ASB2753-A50B)*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION CRIMINAL LEGAL REFORM PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-284-7364
Email: bbuskey@aclu.org

*Appearing by special appearance in accordance with Local Rule 83.1(d).

***Attorneys for Plaintiffs***

</div>

# CERTIFICATE OF SERVICE

In accordance with Local Rule 7.3(d)(1), I certify that the foregoing Brief in Support of Motion to Enforce Preliminary Injunction, including the brief, headings, and footnotes, does not exceed 6,250 words.

/s/ Leah J. Kang
*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I certify that on October 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have appeared in this case.

/s/ Leah J. Kang
***Attorney for Plaintiffs***