IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KATHERINE GUILL, on behalf of herself and those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:19CV1126 |
| BRADLEY R. ALLEN, SR., in his official capacity as Chief District Court Judge, et al. | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Certify Class [Doc. #2]. The Judicial Defendants do not oppose the motion, and Defendant Terry Johnson opposes the motion only on the grounds that he does not believe he is subject to liability in this action. (Resp. of Judicial Defs. [Doc. #52]; Resp. of Terry S. Johnson [Doc. #29].) For the reasons stated below, the motion is granted.

Named Plaintiff[1] seeks declaratory and injunctive relief redressing what she alleges are unconstitutional policies and practices in Alamance County, North Carolina "that imprison people on unaffordable money bail, deny them even the most basic procedural protections, and violate their fundamental constitutional

---

[1] On August 27, 2021, Plaintiff Lea Allison was dropped as a party. (Order [Doc. #62].) On October 25, 2021, Plaintiff Antonio Harrell was dropped as a party. (Order [Doc. #66].)

rights to pretrial liberty and to not be jailed because of their poverty." (Compl. ¶ 2 [Doc. #1].) At the time this lawsuit was instituted, Named Plaintiff was detained in the Alamance County Detention Center, purportedly as a result of these alleged unconstitutional policies and practices. (Id. ¶ 3.)

The proposed class is defined as follows:

> All people who are arrested and charged with non-domestic violence offenses who are or will be detained in the Alamance County Detention Center because they are unable to pay monetary conditions of pretrial release.

Certification of this class would satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as is most evident by the implementation of a consent preliminary injunction over sixteen months ago. Joinder of all members would be impracticable; questions of law and fact are common to the class; Named Plaintiff's claims are typical of the claims of the class; and Named Plaintiff will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4).

The precise number of individuals in the class is unknown, but the estimated membership and their circumstances satisfy the numerosity requirement. (See Br. in Supp. at 10-12 [Doc. #3].) Among the common questions of fact are Defendants' policy and practice of setting pretrial release conditions, whether judicial officers make individualized assessments when setting pretrial release conditions, and the length of time individuals are detained before they have an opportunity to revisit pretrial release conditions with assistance of counsel. (Id. at

2

14-15.) Common questions of law include whether requiring an individual to pay money to secure release without an individualized assessment violates the Fourteenth Amendment's Due Process and Equal Protection clauses, whether imposing a monetary release condition on an individual who cannot afford to pay operates as a de facto order of pretrial detention without the requisite findings and procedures, and whether setting pretrial release conditions without the presence of counsel violates the Fourteenth Amendment's Due Process clause. (Id. at 15.) Named Plaintiff's experiences in Alamance County are typical of those of putative class members: after a short hearing without the assistance of counsel or an individualized assessment, conditions of release are set that cannot be challenged until twenty-four hours after the first appearance. (Id. at 17.) Named Plaintiff does not have interests in conflict with the putative class members, (id. at 18), and has already been zealously advocating on her own behalf and on behalf of the class. Furthermore, Defendants are alleged to have acted on grounds that apply generally to the class such that class-wide injunctive or declaratory relief would be appropriate. Fed. R. Civ. P. 23(b)(2).

Finally, after considering the factors in Rule 23(g)(1)(A), Named Plaintiff's counsel of record are appointed as class counsel. They have been involved in this action since November 2019, have significant civil rights class action experience including litigating challenges to bail systems in other jurisdictions, have particular familiarity with the application of constitutional rights in criminal cases, have advocated for and educated others about policy reform to remedy constitutional

violations similar to those alleged here, and declare that they are prepared to contribute significant resources to the representation of the class. (Decl. of Katherine Hubbard [Doc. #3-4]; Decl. of Irena Como [Doc. #3-5]; Decl. of Brandon Buskey [Doc. #3-6].)

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion to Certify [Doc. #2] is GRANTED as follows:

1. The class is defined as:

   All people who are arrested and charged with non-domestic violence offenses who are or will be detained in the Alamance County Detention Center because they are unable to pay monetary conditions of pretrial release;

2. Named Plaintiff is appointed as class representative; and

3. Named Plaintiff's counsel of record are appointed as class counsel.

   This the 25th day of October, 2021.

/s/ N. Carlton Tilley, Jr.<br>
Senior United States District Judge