IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KATHERINE GUILL, et al. | ) |
| Plaintiffs, | ) |
| v. | ) Case No.19-CV-1126 |
| | ) Class Action |
| BRADLEY R. ALLEN, SR., et al. | ) |
| Defendants. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT JOHNSON'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant Sheriff Terry S. Johnson moves for summary judgment, arguing that he can avoid liability for enforcing unconstitutional bail orders—because he does not issue them himself. *See* ECF No. 105 ("Sheriff's Brief"). In support, Defendant Johnson misstates the relief Plaintiffs seek, ignores over 100 years of binding Supreme Court precedent authorizing injunctions preventing officials from enforcing unconstitutional court orders under color of state law, and puts forth an internally inconsistent argument that such an injunction would undermine the public interest.

This Court should deny Defendant Johnson's motion because (1) he is an official who enforces unconstitutional money bail orders under color of state law, (2) injunctions preventing officials from enforcing unconstitutional orders are authorized by law, and (3) Defendant Johnson cannot show that injunctive relief should be denied as a matter of law.

1

Plaintiffs respectfully request an opportunity for oral argument on Defendant Johnson's motion.

## ARGUMENT

I. **Defendant Johnson Enforces Unconstitutional Money Bail Orders by Detaining People Who Cannot Afford to Pay Bail and Do Not Receive Assistance of Counsel.**

Defendant Johnson argues that Judicial Defendants alone cause Plaintiffs' injuries. Sheriff's Brief at 10. But the evidence shows, and Defendant Johnson does not dispute, that he has custody of people detained pretrial in the Alamance County Detention Center solely because they cannot pay the financial conditions of release set by Judicial Defendants. Nor does he dispute that, before the consent preliminary injunction, these orders were imposed on arrestees without the assistance of counsel. As Plaintiffs' Complaint alleges—and as the undisputed evidence in the record proves—such orders are unconstitutional.[1] Because Defendant Johnson enforces those unconstitutional orders, Defendant Johnson may be subject to a declaration and injunction preventing him from enforcing them.

As he acknowledges, Defendant Johnson is the head of the Sheriff's Office and the keeper of the Alamance County Detention Center. Sheriff's Brief at 6. In this capacity, Defendant Johnson "enforce[s] the money bail amounts set by magistrates" by detaining people who have been booked into the jail who cannot pay secured money bail. Def.

---

[1] Defendant Johnson does not defend the constitutionality of Judicial Defendants' bail orders and so Plaintiffs do not replicate their earlier briefing on that subject here. *See, e.g.*, ECF No. 107 at 8-33.

Johnson Resp. to Request for Admission 4, ECF No. 107-3. Judicial Defendants' bail orders are accompanied by an order of commitment specifically directing that the person be detained in the Alamance County Jail, which Defendant Johnson oversees, unless they can pay the secured financial condition of release. N.C.G.S. § 15A-521(b)(3); *see also, e.g.*, Exhibit 1 of Def. Terry S. Johnson Mot. Summ. J. at 10 (Ex.B), ECF No. 104-1. Under the Sheriff's Department Release and Transfer Procedures, jail staff are authorized to release people detained pretrial only upon production of a bail bond or dismissal of charges against them. Release and Transfer Procedures at 337, ECF No. 107-7.

Thus, as required by North Carolina law and recognized by his own admission, Defendant Johnson is directly responsible for enforcing the court's unconstitutional bail orders.

## II. This Court May Enjoin Defendant Johnson from Enforcing Unconstitutional Money Bail Orders.

Because Defendant Johnson enforces unconstitutional bail orders, Plaintiffs need not show that he creates those orders before this Court may enjoin him from enforcing them. Contrary to Defendant Johnson's suggestion, Sheriff's Brief at 8–9, Plaintiffs do not seek relief requiring him to set conditions of release or to provide counsel at bail hearings. Rather, Plaintiffs seek a permanent injunction similar to that already in place in Alamance County: one that prevents Defendant Johnson from enforcing an order setting a secured financial condition of release that results in detention unless it is accompanied by a record showing that the required individualized assessment was made and that the person received the assistance of counsel. *See* Consent Order for Preliminary Injunction,

3

ECF No. 56 at 5 ("Defendant Sheriff must not enforce a secured financial condition of pretrial release that results in an individual's detention unless the individual first receives an individualized hearing that meets the requirements of Paragraph 7 above"). This relief is unequivocally authorized by law.

Section 1983 provides for prospective relief against Defendant Johnson as a "person who, under color of" state law, causes a deprivation of constitutional rights. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 60 n.1, 71 n.10 (1989) (noting state officials sued in their official capacities for injunctive relief are "persons" within the meaning of § 1983). Federal courts have inherent equitable power to enjoin executive officials from violating the constitution. As the Supreme Court has explained, there is "a long history of judicial review of illegal executive action, tracing back to England," which "courts of equity" translated into an "ability to sue to enjoin unconstitutional actions by state and federal officers." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015); *see also Terrace v. Thompson*, 263 U.S. 197, 214 (1923) ("Equity jurisdiction will be exercised to enjoin the threatened enforcement of a state law which contravenes the Federal Constitution."). Enjoining a sheriff from violating constitutional rights is a proper exercise of this fundamental judicial power.

Indeed, in *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court held that government officials who "are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings . . . to enforce . . . an unconstitutional act . . . may be enjoined . . . from such action." *Id.* at 155–56. Although Defendant Johnson does not issue bail orders or provide access to counsel, "the

4

essence of an *Ex parte Young* action is seeking relief against the state officials who are responsible for enforcing the violative state laws," even where the officials are not responsible for creating the laws themselves. *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007); *see also Lynn v. West*, 134 F.3d 582, 587-588 (4th Cir. 1998) (Revenue Enforcement Officer could be enjoined from collecting an unconstitutional tax under *Ex parte Young* even though they had not assessed the tax and were merely tasked with its collection); *Bostic v. Schaefer*, 760 F.3d 352, 371 n.4 (4th Cir. 2014) (clerk responsible for issuing marriage licenses and filing records of marriage bore requisite connection to the enforcement of unconstitutional marriage law and could therefore be enjoined from enforcing that law pursuant to *Ex parte Young*).

Despite this unbroken line of binding precedent, Defendant Johnson argues that prospective injunctive relief is improper because he and his staff merely enforce the money bail orders of judicial officials and are not responsible for issuing the orders themselves. Sheriff's Brief at 5–9, ECF No. 105. But neither *Ex parte Young* nor its progeny requires an official to have issued an unconstitutional order to enjoin them from enforcing it.

Courts throughout the Fourth Circuit have enjoined analogous defendants pursuant to *Ex parte Young*. In *Stinnie v. Holcomb,* for example, the court enjoined the Commissioner of the Department of Motor Vehicles ("DMV") from enforcing an unconstitutional statute, which required the automatic suspension of drivers' licenses for a failure to pay state court fines and costs without first providing the license-holder an opportunity to be heard. 355 F. Supp. 3d 514, 519–520 (W.D. Va. 2018). Under the scheme, courts, and not DMV officials, levied the court fines and costs, and sent notices

to the DMV triggering the license suspension if someone failed to pay them. *Id.* at 522. The Commissioner "ha[d] no discretion as to whose license [was] suspended". *Id.* at 525. However, "the Commissioner [was] the designated recipient and record-keeper for notices of unpaid court costs. Receipt of this notice alone permit[ted] the Commissioner to effectuate a license suspension. [And] an individual's license [would] not be reinstated until the Commissioner [was] presented with evidence establishing that debt has been paid in full or a payment plan [had] been implemented" *Id.* at 526. Based on these duties, the court found that "the Commissioner clearly [had] the proximity and responsibility necessary to establish 'some connection' with the challenged statute." *Id.* (citing *Ex parte Young,* 209 U.S. at 157).

Here, Defendant Johnson is the designated recipient and record holder for Judicial Defendants' bail orders. N.C.G.S. § 15A-521(c)(2)–(c)(3). These orders specify that the person shall be detained in the Alamance County jail until the secured financial condition of release is met. N.C.G.S. 15A-521(b)(3)–(4). Receipt of these orders alone permits Defendant Johnson to incarcerate presumptively innocent people pending trial. N.C.G.S. § 15A-521(a); 521(c)(2). And those people may not be released until Defendant Johnson is presented with evidence that the bail has been paid or the charges against them dismissed. Release and Transfer Procedures at 337, ECF No. 107-7. As such, Defendant Johnson plainly has the proximity and responsibility necessary to establish "some connection [to] the enforcement" of the challenged bail orders. *Ex parte Young,* 209 U.S. at 157.

Likewise, courts across the country have held that a sheriff may be enjoined from enforcing state court judges' bail orders, even though the sheriffs were not responsible for issuing the orders and were required to enforce the bail orders under state law. *See Dixon v. City of St. Louis,* No. 4:19-cv-0112-AGF, 2019 WL 2437026, at *11 (E.D. Mo. June 11, 2019) (finding cognizable claim under *Ex parte Young* against sheriff and jail commissioner in suit seeking to enjoin them from enforcing court's unconstitutional bail orders "by detaining arrestees deprived of a meaningful hearing"), *vacated and remanded on other grounds,* 950 F.3d 1052 (8th Cir. 2020); *McNeil v. Cmty. Prob. Servs., LLC*, No. 1:18-cv-00033, 2019 WL 633012, at *15 (M.D. Tenn. Feb. 14, 2019) (sheriff could be enjoined from detaining misdemeanor probation arrestees who could not pay bail despite not being the "moving force" underlying the constitutional violation because "he has an independent duty to refrain from violating the federal Constitution") *aff'd*, 945 F.3d 991 (6th Cir. 2019); *Welchen v. Cnty. of Sacramento*, 343 F. Supp. 3d 924, 935 (E.D. Cal. 2018) (permitting suit against sheriff for "implement[ing] the state Bail Law, and . . . enforc[ing] bail schedules as set by the [state court]"); *Buffin v. City & Cnty. of San Francisco*, No. 4:15-cv-04959-YGR, 2016 WL 6025486, at *9 (N.D. Cal. Oct. 14, 2016) (same) *aff'd,* 23 F.4th 951, 959 (9th Cir. 2022) ("[T]he district court correctly ruled that the Sheriff could be sued in her capacity as a state official for injunctive relief"); *Edwards v. Cofield*, 265 F. Supp. 3d 1344, 1346 (M.D. Ala. 2017) (Alabama county sheriff could be enjoined from detaining arrestees who could not afford bail, despite fact that sheriff was following orders); *Cain v. City of New Orleans*, No. 2:15-cv-04479, 2017 WL 467685, at *17 (E.D. La. Feb. 3, 2017) (plaintiffs stated valid claim for prospective injunctive relief against

sheriff under *Ex parte Young*, given allegations of ongoing enforcement of unconstitutional bail statute); *cf. Dream Defenders v. DeSantis* 553 F. Supp. 3d 1052, 1085–1087 (N.D. Fla. 2021) (plaintiffs could properly seek injunction under *Ex parte Young* to prevent sheriffs from enforcing a statute which required them to detain people arrested for rioting without bail and rejecting sheriffs' argument that, to be enjoined, they needed to have played some role in enacting the law); *Moore v. Urquhart*, 899 F.3d 1094, 1103 (9th Cir. 2018) (sheriff was proper defendant under *Ex parte Young* because he had "the power and duty to serve and execute writs of restitution issued under" allegedly unconstitutional law); *Finberg v. Sullivan*, 634 F.2d 50, 54 (3d Cir. 1980) (en banc) (sheriff was proper defendant in suit challenging sheriff's execution of post judgment garnishment orders, even though sheriff's duties in this context were "entirely ministerial").

This Court should reach the same conclusion. As the official explicitly tasked with enforcing unconstitutional bail orders, Defendant Johnson bears the requisite connection to the act of unconstitutionally detaining Plaintiffs and class members.

Finally, Defendant Johnson cites no authority for his argument that he is liable only if he acted "recklessly or maliciously or with any intent" to violate the federal constitution. Sheriff's Brief at 10, ECF No. 105. As the foregoing cases demonstrate, it is sufficient that the "officer, by virtue of his office, has some connection with the *enforcement* of the" challenged order. *Ex parte Young,* 209 U.S. at 157 (emphasis added). It is irrelevant that Defendant Johnson has no discretion to act otherwise under state law, for "[t]he whole point of *Ex parte Young* is to provide a remedy for unconstitutional action that is taken under state authority, including, as here, a state constitution or laws." *Brenner v. Scott*, 999

8

F. Supp. 2d 1278, 1286 (N.D. Fla. 2014) (clerk following state law in denying same sex couple a marriage license could be enjoined under *Ex parte Young*). Indeed, *Ex parte Young* "*assumes* that the state actor has done nothing more than enforce the law as promulgated by the State," but the actor nevertheless "does not enjoy immunity merely because he was following orders." *Edwards v. Cofield*, 265 F. Supp. 3d 1344, 1346 (M.D. Ala. 2017)(emphasis added). Nor is it relevant that Defendant Johnson is required by state law to execute written detention orders. A federal court may compel an official to comply with the Constitution under *Ex parte Young* even if a federal order would conflict with the official's obligations under state law. *See Terrace v. Thompson*, 263 U.S. 197, 214 (1923) ("Equity jurisdiction will be exercised to enjoin the threatened enforcement of a state law which contravenes the federal Constitution wherever it is essential in order effectually to protect . . . the rights of persons against injuries otherwise irremediable . . . ."). The Supreme Court has repeatedly emphasized that equitable relief must be available "to prevent an injurious act by a public officer" that violates federal law. *Armstrong*, 135 S. Ct. at 1384 (citation omitted); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997) ("We do not . . . question the continuing validity of the *Ex parte Young* doctrine."). This is because injunctions remedying ongoing violations of federal law "are necessary to vindicate the federal interest in assuring the supremacy of that law." *Papasan v. Allain*, 478 U.S. 265, 278 (1986) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)).

### III. Defendant Johnson Cannot Show that Injunctive Relief Should Be Denied as a Matter of Law.

Finally, Defendant Johnson argues that Plaintiffs' claims for injunctive relief should be denied as a matter of law because, he contends, state law damage claims offer an adequate remedy, a remedy in equity is not warranted, and the public interest would be disserved by a permeant injunction. *See* Sheriff's Brief at 9-12. That is incorrect.

First, Defendant Johnson fails to show Plaintiffs have another adequate remedy. Defendant Johnson points to N.C. Gen. Stat. § 58-76-5 as a basis for recovering a limited damage amount under state law for those "injured by an official action of a magistrate." Sheriff's Brief at 10. But deprivation of a constitutional right is an irreparable harm that is not adequately remedied by damages alone. *Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987) ("[D]enial of a constitutional right. . . constitutes irreparable harm for purposes of equitable jurisdiction.").[2] Damage claims against individual magistrates cannot adequately remedy the harm caused by the Defendant Johnson's enforcement of Judicial Defendants' unconstitutional bail orders. *See also Verizon Maryland, Inc. v. Pub. Serv. Com'n of Maryland*, 535 U.S. 635, 645 (2002) (injunctive relief is appropriate if a court, after conducting a "'straightforward inquiry'" determines that "'[the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'") (citations omitted); *Idaho v. Coeur d'Alene Tribe*, 521 U.S. at 281 ("An

---

[2] Moreover, under North Carolina law, judicial immunity would shield the magistrates (and judges) from damage-claims stemming from their bail decisions. *See, e.g., Price v. Calder*, 240 N.C. App. 190, 192, (N.C. At. App. 2015).

10

allegation of an ongoing violation of federal law where the requested relief is prospective is ordinarily sufficient" to seek injunctive relief against a government actor.).

Second, Defendant Johnson asserts that the balance of hardships weighs against an injunction because "Sheriff Johnson did not cause Plaintiffs' injuries." Sheriff's Brief at 10. This argument merely repackages the Sheriff's argument on causation. As explained above in Sections I and II, because Sheriff Johnson enforces the unconstitutional bail orders, he has caused Plaintiffs' injuries. And, as detailed in Plaintiffs' brief in support of their Motion for Summary Judgment, the irreversible harm precipitated by the unnecessary and unconstitutional detention of innumerable presumptively innocent people far outweighs any hardship to Defendant Johnson from continuing to comply with an injunction akin to the consent preliminary injunction to which he has already agreed. ECF No. 107 at 19.[3]

Third, Defendant Johnson argues that because Plaintiffs seek only to enjoin Alamance county officials, their proposed injunction would cut against the

---

[3] Sheriff Johnson also argues that, because he "fully complied with" the consent preliminary injunction, "no equitable remedy against Sheriff Johnson is warranted." Sheriff's Brief at 11. As plaintiffs explain at length in their Opposition to Judicial Defendant's Motion to Summary Judgment, defendants "cannot 'evade judicial review . . . by temporarily altering questionable behavior.'" ECF No. 108 at 2 (citing *Porter v. Clarke*, 852 F.3d 358, 364 (4th Cir. 2017) (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001))). To establish a plaintiff's claims have been mooted by a defendant's voluntarily ceasing a challenged behavior, the defendant bears the "heavy burden" of proof of demonstrating that the challenged behavior cannot reasonably be expected to reoccur. *Id.* (citing *Porter*, 832 F.3d 358 at 364). Defendant Johnson has made no such showing. To the contrary, his brief repeatedly emphasizes that, without an injunction in place, he will be required by statute to enforce Judicial Defendants' bail orders, whether or not they are constitutional. Sheriff's Brief at 5–9.

"significant public interest in the uniform operation of the law" governing pretrial detention across North Carolina. Sheriff's Brief at 12. If Alamance County were to have "special forms, special rules, and special obligations" he claims, then "there is no longer a uniform system of justice across North Carolina." *Id.*

But a contested and unsubstantiated assertion of public interest is not a factor in whether to grant summary judgment, much less a reason to ignore a century of well-settled and binding U.S. Supreme Court and Fourth Circuit precedent establishing Defendant Johnson's liability. Even more fundamentally, there *is no* uniform system of "forms, rules and obligations" that governs pretrial release procedures across North Carolina. By statute, the senior resident superior court judge for each district is tasked with designing and issuing specific pretrial release policies for their district. N.C.G.S. § 15A-535(a). Districts across the state thus already have unique rules and obligations concerning pretrial release.

Puzzlingly, in the very same paragraph, Defendant Johnson seems to acknowledge this and then change tack, extolling the virtues of varying pretrial release procedures across different jurisdictions because policies "that work in wealthier, urban jurisdictions may not be feasible or effective in poorer, rural ones and vice versa." Sheriff's Brief at 12 (internal citation omitted). He then apparently argues that the court should deny Plaintiffs requested injunctive relief because it might not be uniquely tailored *enough* to meet the specific needs of Alamance County. *Id.* This argument is equally meritless. As Plaintiffs explain in their brief in support of their Motion for Preliminary Injunction, it is in the public's interest to

12

prevent the systemic violation of fundamental constitutional rights. ECF No. 17 at 28 (citing *Giovani Carandola, Ltd. V. Bason,* 303 F.3d 507, 521 (4th Cir. 2002) ("upholding constitutional rights surely serves the public interest")).

None of Defendant Johnson's arguments constitutes a valid basis to depart from a century of Supreme Court precedent or contradict corresponding decisions in the Fourth Circuit and across the country, let alone justify drawing such a conclusion as a matter of law. As such, Defendant Johnson's policy arguments are unavailing.

## CONCLUSION

Defendant Johnson readily admits that he enforces the secured money bail orders set by Judicial Defendants by jailing people who cannot afford to pay them. These orders are unconstitutional. Because 100 years of United States Supreme Court precedent authorizes injunctions preventing officials, like Defendant Johnson, from enforcing unconstitutional court orders, the Court should deny his Motion for Summary Judgment.

Respectfully submitted, this the 30th day of August, 2022.

/s/ Carson White

Katherine Hubbard (D.C. Bar 1500503)*
Jeffrey Stein (D.C. Bar 1010724)*
Carson White (Cal. Bar 323535)*
CIVIL RIGHTS CORPS
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6124
Fax: 202-609-8030
Email: katherine@civilrightscorps.org
     jeff@civilrightscorps.org
     carson@civilrightscorps.org

Daniel K. Siegel (N.C. Bar 46397)
AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA LEGAL FOUNDATION
P.O. Box 28004
Raleigh, NC 27611
Tel: 919-834-3466
Email: dsiegel@acluofnc.org

Trisha Trigilio (TX Bar 24075179)*
Brandon Buskey (AL Bar ASB2753-A50B)*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
CRIMINAL LEGAL REFORM PROJECT

125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-284-7364
Email: trishat@aclu.org
bbuskey@aclu.org

*Appearing by special appearance in accordance with Local Rule 83.1(d).*

***Attorneys for Plaintiffs***

14

## CERTIFICATION OF WORD COUNT

I hereby certify that the foregoing memorandum complies with this Court's Order (ECF No. 95) in that, according to the word processing program used to produce this brief, the document does not exceed 8,000 words exclusive of caption, title, signature lines, and certificates.

Dated: August 30, 2022

/s/ Carson White
Carson White
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of electronic filing to all counsel of record who have appeared in this case.

/s/ Jeffrey Stein
Jeffrey Stein
Counsel for Plaintiffs
