IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| KATHERINE GUILL, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.19-CV-1126 |
| | ) | |
| | ) | |
| BRADLEY R. ALLEN, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

Attorney Daniel K. Siegel hereby responds to the Court's text order of November 28, 2022, directing him to show cause for

> his apparent failure, as '[a] member of the bar of this Court who accept[ed] employment in association with [the six above-named] specially appearing attorney[s to be] responsible to this Court for the conduct of the litigation or proceeding,' M.D.N.C. LR 83.1(d)(2), by appearing at the settlement conference held this day without obtaining from the specially appearing counsel with whom he has associated the authority to control this litigation and/or without ensuring that such specially appearing counsel complied with Local Rule 83.1(d)(1)(i).

Local Rule 83.1(d) provides that an attorney who makes a special appearance "will be responsible to this Court for the conduct of the litigation or proceeding," and "will be responsible for ensuring the presence of an attorney who is familiar with the case and has authority to control the litigation at all conferences, hearings, trials and other proceedings."

1

1. I apologize to the Court for my mistaken interpretation of these Rules. When I appeared before the Court as the sole attorney for Plaintiffs at the November 28 settlement hearing, I sincerely believed that I had "authority to control the litigation" within the meaning of Local Rule 83.

2. Before the hearing, I reviewed recent communications between Plaintiffs' counsel and Defendants' counsel in which Plaintiffs attempted to further settlement discussions. I had assisted in drafting Plaintiffs' communications. I also reviewed settlement correspondence between the parties from before I joined the case in December 2021. I discussed the settlement conference with co-counsel and we agreed that I would convey Plaintiffs' positions on settlement at the November 28 hearing and pursue settlement consistent with an agreed-upon strategy. I also arranged to have ready telephonic access to co-counsel and the Plaintiff Class representative to obtain any final authorizations needed for settlement. The Plaintiff Class representative, who would have to evaluate any settlement offer, had been excused by the Court provided she was available by phone. ECF No. 131.

3. I sincerely believed that those facts—along with having been significantly involved in all aspects of this case for the last eleven months—qualified me to "control the litigation" for the purpose of a settlement conference under Local Rule 83.1(d)(i). I did not believe that the physical presence of my co-counsel was strictly necessary. I now understand, however, that my reading of that rule was incorrect; I should have ensured the physical presence of all Plaintiffs' counsel at the November 28 hearing with whom I

2

Case 1:19-cv-01126-TDS-LPA   Document 134   Filed 12/12/22   Page 2 of 5

intended to consult before accepting a settlement offer. Instead of assuming my reading of the rule was correct, I should have asked the Court for clarification beforehand. I regret my mistake and do not intend to repeat it.

4. I joined this case on December 27, 2021. ECF No. 88. Before then, I was not present for all communications between the parties concerning settlement. Since that time, however, I have been significantly involved in all aspects of this case, including weekly litigation team meetings, strategy discussion, and drafting filings including our recent summary judgment briefs. I am therefore very familiar with the relevant law and facts. At the settlement hearing I was able to discuss the case in detail with the Court and counsel for Defendant Johnson. (I did not have an opportunity to discuss the case directly with counsel for Judicial Defendants.) For these reasons—in addition to having worked closely with counsel who had been on this case for longer and my knowledge of Defendants' most recent positions regarding settlement—I respectfully submit that I was and am "familiar with the case" as required by Local Rule 81.1(d)(i).

5. I recognize that it would have been preferable to have an attorney present who had a more extensive understanding of the parties' settlement communications since the case began three years ago. I also recognize that I should have made sure that my understanding of the Rules was consistent with the Court's.

6. With respect to what action the Court should take, I humbly ask the Court to accept my apology; I regret my error and will strive to ensure that my colleagues and I faithfully adhere to the Local Rules going forward. If the Court finds sanctions appropriate,

I urge the Court to not impose sanctions on members of the Plaintiff Class, as they did not encourage the conduct at issue and should not be held responsible for it.

Respectfully submitted, this the 12th day of December, 2022.

/s/Daniel K. Siegel
Daniel K. Siegel
N.C. Bar 46397
ACLU OF NORTH CAROLINA
LEGAL FOUNDATION
P.O. Box 28004
Raleigh, NC 27611
919-592-4630
dsiegel@acluofnc.org

# CERTIFICATE OF SERVICE

I certify that on December 12, 2022, I filed the foregoing document using the Court's electronic filing system, which will effect service on all counsel of record.

/s/Daniel K. Siegel
Daniel K. Siegel
