IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| KATHERINE GUILL, *et al.*, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | Case No.19-CV-1126 |
| | ) | Class Action |
| BRADLEY R. ALLEN, SR., *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF ON TIMING OF BAIL HEARINGS**

Pursuant to this Court's March 3, 2023 order, Plaintiffs submit this supplemental brief addressing the constitutional standards governing the timing of bail hearings.

### I. The Requirement of a "Prompt Hearing" Presumes a Bail Hearing Within 48 Hours of Arrest

Although this is an issue of utmost importance to presumptively innocent people accused of crimes, the Supreme Court has never addressed, as a constitutional matter, how soon after arrest a bail hearing must occur. But applying existing case law to the factual record in this case compels a conclusion that Alamance County must provide a meaningful, counseled bail hearing within 48 hours of arrest.

#### A. *Gerstein* and *McLaughlin* Suggest That Bail Hearings May Be Delayed Up to 48 Hours After Arrest

The Supreme Court has never addressed how soon after arrest a bail hearing must occur. Neither of the two major cases interpreting the federal Bail Reform Act (BRA), which governs pretrial detention in federal court, specified a time limit. *United States v. Salerno* addressed whether the BRA was facially unconstitutional to the extent it permits

1

detention because the arrestee is likely to commit future crimes. 481 U.S. 739, 744 (1987). The Court did not address the time limit in which a bail hearing must occur. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 716 (1990) (*Salerno* . . . upheld the [BRA] against constitutional challenge. Though we did not refer in *Salerno* to the time limits for hearings as a feature which sustained the constitutionality of the Act, we recognize that a vital liberty interest is at stake."). In *Montalvo-Murillo*, the Supreme Court again left the constitutional question unaddressed but held as a matter of *statutory remedy* that violating the Act's time limit did not entitle a person who should otherwise be detained to automatic release. *See id.* at 721. The Court noted, however, that because of the "vital liberty interest at stake," "[a] prompt hearing is necessary, and the time limitations of the Act must be followed with care and precision." *Id.* at 716.

The best authorities on the time limit are cases determining what constitutes a "prompt" hearing in the probable-cause context. The Court has strongly suggested that the same 48-hour timeline applies to both probable-cause determinations and bail hearings. In *Gerstein v. Pugh*, the Court held that an individual arrested without a warrant has a constitutional right to be brought before a magistrate for a determination of probable cause to detain either before or "promptly after" arrest. 420 U.S. 103, 125. In so holding, the Court noted the serious consequences of prolonged pretrial detention: "Pretrial confinement may imperil the suspect's job, interrupt his source of income, and impair his family relationships." *Id.* at 114 (internal citations omitted).

*Gerstein* left open the precise meaning of the term "promptly," leading the Court to clarify the contours of the right in *County of Riverside v. McLaughlin*, 500 U.S. 44

2

(1991). *McLaughlin* found that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id.* at 56. Procedures that allowed an arrestee to be detained without a hearing for three days over a weekend and up to seven days over Thanksgiving did not comport with Gerstein's promptness requirement. *Id.*

Citing concerns about the need for flexibility, *McLaughlin* declined to adopt a rule requiring an arrestee to be brought before a judge immediately "upon completing the administrative steps incident to arrest," and instead held that a probable-cause determination within 48 hours was presumptively constitutional. *Id.* at 53–54. The Court deemed 48 hours flexible enough to give jurisdictions the ability to combine probable-cause determinations with other preliminary proceedings "that arise very early in the pretrial process—such as bail hearings and arraignments," while also according due protection to detainees' constitutional rights. *Id.* at 58.

This language does not justify delays longer than 48 hours for setting bail so long as an *ex parte* determination of probable cause is made within 48 hours. To the contrary, properly read, *McLaughlin* did not set a *shorter* time frame than 48 hours for a probable-cause determination because there would be administrative efficiency in combining probable-cause determinations with bail determinations—the presumption being that the bail determination should also occur within 48 hours.[1]

---

[1] Indeed, in his dissent, Justice Scalia suggested that 24 hours should be set as the upper limit for a probable-cause determination following a warrantless arrest and would not have permitted delay for the "administrative convenience of combining the probable-

3

This reading of *McLaughlin* as applying a 48-hour presumption to bail hearings finds further support in *Atwater v. City of Lago Vista*, in which the Court upheld the constitutionality of custodial arrests of individuals suspected of misdemeanor offenses. 532 U.S. 318 (2001). The Court noted that Atwater spent approximately one hour in a jail cell, "after which she was taken before a magistrate and released on $310 bond." *Id.* at 324. Citing *McLaughlin*, the Court noted that there was no reason to think Atwater was "atypical" in being given "a prompt opportunity to request release" because "anyone arrested for a crime without formal process . . . is entitled to a magistrate's review of probable cause within 48 hours." *Id.* at 352 (*citing McLaughlin*, 500 U.S. at 55-58). An arrestee's entitlement to seek prompt release from custody was a key component of the Court's decision that warrantless misdemeanor arrests for non-jailable offenses were constitutionally permissible. *See id.*

By creating a 48-hour presumption, the Supreme Court sought to respect the important constitutional interest of "minimiz[ing] the time a presumptively innocent individual spends in jail." *McLaughlin*, 500 U.S. at 58. If a bail hearing is not presumptively required within the same 48-hour timeframe as a probable-cause determination, presumptively innocent arrested individuals would lose a far more meaningful safeguard against the negative consequences of extended pretrial detention that the Supreme Court identified in *Gerstein*. *See* 420 U.S. at 114.

---

cause determination with other state proceedings." *McLaughlin*, 500 U.S. at 63–64. (Scalia, J., dissenting)

4

The reasons necessitating that probable-cause determinations occur as soon as practicable also exist in the bail context. It therefore makes sense to apply the same rule: bail hearings should occur as soon as practicable, allowing some flexibility, and bail hearings may be delayed up to 48 hours. Bail hearings can be delayed beyond 48 hours only upon a showing that such delay is necessary.

The Fifth Circuit adopted this interpretation of *McLaughlin* in *ODonnell v. Harris County*, 892 F.3d 147 (5th Cir. 2018), *overruled on other grounds*, *Daves v. Dallas Cnty.*, 22 F.4th 522 (5th Cir. 2022) (en banc), which raised constitutional claims similar to those brought in this case. The district court entered an injunction requiring bail hearings within 24 hours of arrest, but the Fifth Circuit determined that *McLaughlin*'s 48-hour timeframe also applied to hearings to determine eligibility for release on bail:

> [W]e find that the district court's 24-hour requirement is too strict under federal constitutional standards. The court's decision . . . relied not on an analysis of present Harris County procedures and their current capacity; rather, it relied on the fact that a district court imposed this requirement thirty years ago . . . *Gerstein* was later interpreted as establishing a right to a probable cause hearing within 48 hours. *McLaughlin*, 500 U.S. at 56-57. Further, *McLaughlin* explicitly included bail hearings within this deadline. *Id.* at 58. We conclude that the federal due process right entitles detainees to a hearing within 48 hours.

*ODonnell*, 892 F.3d at 160.[2] The Fifth Circuit also relied on the factual record—specifically "the district court's own finding . . . that 20% of detainees do not receive a

---

[2] In *Mitchell v. Doherty*, 37 F.4th 1277, 1282 (7th Cir. 2022), the Seventh Circuit erroneously dismissed *ODonnell*'s holding as dicta because "[a]ny remark about what the Fourth Amendment required would be unnecessary for the outcome of the case." In *ODonnell*, as here, the plaintiffs sought a ruling on their right to a prompt hearing under

5

probable-cause hearing within 24 hours despite the [Texas] statutory requirement"—to conclude that the county there actually needed 48 hours to conduct bail hearings, *i.e.*, that this length of time could satisfy heightened scrutiny. *Id.* at 160.

The framework created by *Gerstein*, *McLaughlin*, and *ODonnell* applies here: bail hearings should happen as soon as practicable, but bail hearings can be delayed up to 48 hours after arrest. Beyond that, the government needs to demonstrate a compelling need to further delay bail proceedings.

### B. *Salerno* Does Not Extend That Presumptively Constitutional Period Beyond 48 Hours

As this Court observed at the March 3 hearing, the BRA permits detention hearings to be continued for up to three days on the motion of the government or up to five days on the motion of the arrestee. 18 U.S.C. § 3142(f). The Court inquired how *Salerno*, which upheld the BRA, could be reconciled with Plaintiffs' argument that a bail hearing must occur within 48 hours of arrest. *Salerno* is fully consistent with a 48-hour requirement for two reasons.

---

the Due Process Clause, not the Fourth Amendment. In holding that the *due process right* entitles detainees to a hearing within 48 hours," *ODonnell* relied, in part, on *McLaughlin*'s inclusion of bail hearings within that deadline. 892 F.3d at 160. The *Mitchell* court declined to find that the Fourth Amendment requires bail hearings within 48 hours and concluded that bail hearings held within 68 hours (because the individuals were arrested on a Friday) did not violate the Fourth Amendment. 37 F.4th at 1289. Because the court's analysis proceeded under the Fourth, rather than the Fourteenth Amendment, its balancing of interests was based on a reasonableness standard, *see id.* at 1287, rather than the heightened scrutiny which applies to wealth-based detention and deprivation of the "fundamental" right to pretrial liberty, *see* ECF No. 107 at 8–15.

6

First, as discussed above, *Salerno* was a facial challenge to the BRA's authorization of detention for dangerousness, which required the Court to ask whether *any* "set of circumstances exists under which the Act would be valid." 481 U.S. at 745. In this posture, the Court was required to presume that a full-blown adversarial hearing is held "immediately upon the person's first appearance before the judicial officer." 18 U.S.C. § 3142(f)(2). The constitutionality of a *potential* continuance of an initial detention hearing was not before the Court.

Second, where *Salerno* did address the BRA's validity, the Court put great weight on the fact that the detention scheme "narrowly focuses" on people who pose a heightened risk. *Salerno*, 481 U.S. at 750. The Court emphasized that the only people eligible for detention are accused of "extremely serious offenses," who Congress determined pose a significantly higher risk of danger, or people who a judicial official determine pose a "serious risk" of flight or danger. *Id.* Thus, pre-hearing detention for more than 48 hours, like the detention scheme as a whole, is predicated on findings about the potential necessity of long-term pretrial detention. This funneling effect means that only people for whom a magistrate has already made a preliminary finding of necessity (at an initial appearance at which arrestees are entitled to representation by counsel, Fed. R. Crim. P. 44(a); 18 U.S.C. §3006A(c)) are detained pending the detention hearing.

Here, in contrast to the "limited" BRA scheme, Alamance County's challenged detention scheme is entirely unlimited in scope. Neither the legislature nor a judge makes a threshold determination that the person detained poses a "serious risk." 18 U.S.C. § 3142(f)(2). Instead, class members are detained for any charge, regardless of whether

7

the prosecution or the judge *wants* to detain them. Magistrates set secured bond without bothering to determine whether those amounts are effectively detention orders, much less whether detention is necessary to mitigate a serious risk. *See* ECF No. 107 at 3. *Salerno* does not permit detaining people longer than 48 hours in this type of "scattershot attempt to incapacitate those who are merely suspected of . . . crimes." *Salerno*, 481 U.S. at 747, 750.

Nothing in *Salerno* undermines the applicability of the 48-hour rule strongly suggested by *Gerstein* and *McLaughlin*. If *Salerno* suggests anything on this issue, it is that the unlimited scope of Alamance County's detention scheme requires a 48-hour hearing to limit length, unnecessary pretrial detention.

## II. Defendants Have Not Made the Requisite Showing to Disturb the Presumption that Bail Hearings in Alamance County Must Occur Within 48 Hours

The question for this Court is how long a person in Alamance County can be detained prior to a bail hearing, following arrest on any charge, without any motion for detention, and incidental only to the person's ability to pay. The record in this case establishes that bail hearings in Alamance County must occur within 48 hours of arrest.

First, it is administratively feasible: Defendants are already doing it in many cases. The consent preliminary injunction requires that individuals in custody have a hearing "within forty-eight hours of arrest or at the next available session of court in the event that court is not in session within forty-eight hours of the defendants' arrest." ECF No. 56 ¶ 7(a). And many other states hold bail hearings within 48 hours or less. *See, e.g.*, Ala. Code § 15-13-105 (2021) (twenty-four hours); Alaska Stat. Ann. § 12.30.006(b) (2019)

8

Case 1:19-cv-01126-TDS-LPA   Document 145   Filed 03/10/23   Page 8 of 11

(forty-eight hours); Colo. Rev. Stat. § 16-4-102 (2021) (forty-eight hours); S.C. Code Ann. § 22-5-510 (2015) (twenty-four hours); Tex. Code Crim. Proc. Ann. art. 17.028(a) (2022) (forty-eight hours).

Moreover, Defendants have never argued that they cannot provide a bail hearing within 48 hours, and likely have no argument other than administrative inconvenience, which is an inadequate basis for the deprivation of a fundamental constitutional right. *Cf. Stanley v. Illinois*, 405 U.S. 645, 656 (1972).

Additionally, any administrative burden on Defendants must be weighed against the enormous harms of pretrial detention. In his unrebutted expert report, Dr. Michael Jones discussed the growing body of data revealing that even one additional day of pretrial detention is counterproductive to government interests and destabilizing to a person's life. ECF No. 107-23. Pretrial detention for more than 24 hours increases the likelihood that a person will fail to appear or will engage in new criminal activity while on pretrial release. *Id.* ¶ 21. And "[p]retrial detention for even three days or less has been shown to negatively influence defendants' employment, financial situation, and residential stability, as well as the well-being of dependent children. *Id.* ¶ 35.

And because people in Alamance County often plead guilty to a sentence of time served, additional time in jail prior to the bail hearing effectively extends the sentence that they ultimately receive. See ECF No. 107 at 24–25.

## CONCLUSION

Defendants have not disputed the merits of Plaintiffs' prompt hearing claim or made a showing of necessity for a lengthier delay of bail hearings. Plaintiffs are therefore

9

Case 1:19-cv-01126-TDS-LPA  Document 145  Filed 03/10/23  Page 9 of 11

entitled to summary judgment on their claim for a prompt hearing and this Court should enter declaratory and injunctive relief requiring Defendants to provide a bail hearing, including representation,[3] within 48 hours of arrest.

Respectfully submitted, this the 10th day of March, 2023.

/s/ Katherine Hubbard
Katherine Hubbard (D.C. Bar 1500503)*
Jeffrey Stein (D.C. Bar 1010724)*
Carson White (Cal. Bar 323535)*
CIVIL RIGHTS CORPS
1601 Connecticut Ave NW, Suite 800
Washington, DC 20009
Tel: 202-894-6124
Fax: 202-609-8030
Email: katherine@civilrightscorps.org
      jeff@civilrightscorps.org
      carson@civilrightscorps.org

Daniel K. Siegel (N.C. Bar 46397)
AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA LEGAL FOUNDATION
P.O. Box 28004
Raleigh, NC 27611
Tel: 919-834-3466
Email: dsiegel@acluofnc.org

Trisha Trigilio (TX Bar No. 24075179)*
Brandon Buskey (AL Bar ASB2753-A50B)*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
CRIMINAL LEGAL REFORM PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-284-7364
Email: trishat@aclu.org
      bbuskey@aclu.org

*Appearing by special appearance in accordance with Local Rule 83.1(d).*

***Attorneys for Plaintiffs***

---

[3] As counsel for Judicial Defendants emphasized at the March 3 hearing, Judicial Defendants do not contend that Plaintiffs' right-to-counsel claim under the Sixth and Fourteenth Amendment is moot. This is consistent with their Motion for Summary Judgment. *See* ECF No. 100 at 13 n.1.

10

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of electronic filing to all counsel of record who have appeared in this case.

/s/ Katherine Hubbard
Katherine Hubbard
Counsel for Plaintiffs